UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN SALAS-PADILLA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:25-cv-00331 |
| | § | |
| KRISTI NOEM, Secretary of U.S. | § | |
| Department of Homeland Security; TODD | § | |
| LYONS, in his official capacity as Acting | § | |
| Director of U.S. Immigration and Customs | § | |
| Enforcement; BRET BRADFORD, | § | |
| ASSISTANT FIELD OFFICE DIRECTOR | § | |
| for the Houston Field Office, U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| RODNEY S. SCOTT, in his official | § | |
| capacity as Commissioner of U.S. Customs | § | |
| and Border Protection; MICHAEL W. | § | |
| BANKS, in his official capacity as Chief of | § | |
| Border Patrol, | § | |
| *Defendants.* | § | |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants, Kristi Noem, Secretary of U.S. Department of Homeland Security; Todd

Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;

Assistant Field Office Director for the Houston Field Office, U.S. Immigration and Customs

Enforcement; Rodney Scott, in his official capacity as Commissioner of U.S. Customs and Border

Protection; and Michael Banks, in his official capacity as Chief of Border Patrol (hereinafter

"Defendants") respectfully presents this Answer to the Plaintiff's Complaint for Injunctive and

Declaratory Judgment (hereinafter "Complaint"):

The first, unnumbered, paragraph is an introductory paragraph summarizing various

allegations against Defendants and legal conclusions in support thereof to which no response is

required. This paragraph also contains the factual assertion that "[o]n March 22, 2025, and

1

September 26, 2025, DHS granted renewal of Plaintiff Martin Salas Padilla's Deferral Action for Childhood Arrivals ("DACA") application, which prohibits Defendants from removing him to Mexico before termination of his DACA status and without Due Process." This statement also contains legal arguments to which no response is required. To the extent that this quotation also contains a factual assertion, Defendants admit only that Plaintiff's DACA application was approved on March 22, 2025 and September 26, 2025.

**JURISDICTION**

1. Admit.

2. Paragraph 2 contains allegations against Defendant and legal conclusions to which no response is required.

3. Paragraph 3 contains allegations against Defendant and legal conclusions to which no response is required.

4. Paragraph 4 contains allegations against Defendant and legal conclusions to which no response is required.

**VENUE**

5. Defendants admit only that venue lies in this district and that each Defendant is an agency or officer of the United Stats sued in his or her official capacity under 28 U.S.C. § 1391(e)(1). Defendants deny the remaining allegations of Paragraph 5.

**PARTIES**

6. Defendants admit that Plaintiff Martin Salas Padilla is an adult individual whose DACA application is approved through March 21, 2027. Defendants further admit that Plaintiff was removed to Mexico. Defendants lack sufficient information to admit or deny the remaining

2

allegations in Paragraph 6 and they are therefore denied. Paragraph 6 also contains legal conclusions to which no response is required.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

**LEGAL BACKGROUND**

14. Paragraph 14 consists of Plaintiff's interpretation of 8 C.F.R. §§ 236.21-236.25 to which no response is required.

15. Paragraph 15 consists of Plaintiff's interpretation of 8 C.F.R. §§ 236.21-236.25 to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required.

17. Paragraph 17 consists of Plaintiff's interpretation of 5 U.S.C. § 702, to which no response is required.

18. Paragraph 18 contains assertions against Defendants to which no response is required.

19. Admit.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required.

23. Paragraph 23 contains legal conclusions to which no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required.

**STATEMENT OF FACTS**

25. Admit.

26. Defendants admit only that Plaintiff entered the United States without inspection. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 26 and they are therefore denied.

27. Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 and they are therefore denied.

28. Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and they are therefore denied.

29. Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 and they are therefore denied. Paragraph 29 also contains a legal conclusion to which no response is required, to the extent a response is deemed required, it is denied.

30. Defendants lack sufficient information to admit or deny the allegations in Paragraph 30 and they are therefore denied.

31. Admit.

32. Admit.

33. Defendants admit only that Petitioner had a DACA application approved February 15, 2023, which was valid until February 14, 2025, and a subsequent DACA application approved September 26, 2025, which is valid until March 21, 2027.

34. Defendants lack sufficient information to admit or deny the allegations in Paragraph 34 and they are therefore denied.

35. Defendants lack sufficient information to admit or deny the allegations in Paragraph 35 and they are therefore denied.

36. Defendants lack sufficient information to admit or deny the allegations in Paragraph 36 and they are therefore denied.

37. Defendants lack sufficient information to admit or deny the allegations in Paragraph 37 and they are therefore denied.

38. Defendants lack sufficient information to admit or deny the allegations in Paragraph 38 and they are therefore denied.

39. Defendants lack sufficient information to admit or deny the allegations in Paragraph 39 and they are therefore denied.

40. Defendants lack sufficient information to admit or deny the allegations in Paragraph 40 and they are therefore denied.

41. Admit.

42. Defendants lack sufficient information to admit or deny the allegations in Paragraph 42 and they are therefore denied.

43. Defendants lack sufficient information to admit or deny the allegations related to the thoughts of Plaintiff in Paragraph 43 and they are therefore denied. Defendants deny all remaining allegations of Paragraph 43.

44. Deny.

45. Defendants lack sufficient information to admit or deny the allegations in Paragraph 45 and they are therefore denied.

46. Deny.

47. Defendants lack sufficient information to admit or deny the allegations in Paragraph 47 and they are therefore denied.

48. Defendants lack sufficient information to admit or deny the allegations in Paragraph 48 and they are therefore denied.

49. Defendants lack sufficient information to admit or deny the allegations in Paragraph 49 and they are therefore denied.

50. Defendants lack sufficient information to admit or deny the allegations in Paragraph 50 and they are therefore denied.

51. Defendants lack sufficient information to admit or deny the allegations in Paragraph 51 and they are therefore denied.

52. Defendants lack sufficient information to admit or deny the allegations in Paragraph 52 and they are therefore denied.

53. Defendants lack sufficient information to admit or deny the allegations in Paragraph 53 and they are therefore denied.

54. Defendants lack sufficient information to admit or deny the allegations in Paragraph 54 and they are therefore denied.

55. Defendants lack sufficient information to admit or deny the allegations in Paragraph 55 and they are therefore denied.

56. Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 and they are therefore denied.

**CLAIMS FOR RELIEF**

**Count I**
**Violation of the Administrative Procedure Act**
**5 U.S. C. § 701,** *et. seq***:**
(Agency Action that is Arbitrary, and Capricious, or

Otherwise not in accordance with law)

57. Paragraph 57 is a legal conclusion to which no response is required.

58. Paragraph 58 is a legal conclusion to which no response is required.

59. Paragraph 59 is a legal conclusion to which no response is required.

## COUNT II

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 701,** *et. seq*:
(Violation of Regulations and Statute through
unlawful removal from the United States)

60. Paragraph 60 is a legal conclusion to which no response is required.

61. Defendants admit only that at the time of Plaintiff's removal his case was under review.

62. Paragraph 62 is a legal conclusion to which no response is required.

63. Paragraph 63 is a legal conclusion to which no response is required, to the extent that a response is deemed required, it is denied.

64. Defendants lack sufficient information to admit or deny the factual allegations in Paragraph 64 and they are therefore denied. Paragraph 64 also contains legal conclusions to which no response is required, to the extent that a response is deemed required, it is denied.

## COUNT III
**Violation of Procedural Due Process By**
**Unlawful Removal from the United States.**

65. Paragraph 65 is a legal conclusion to which no response is required.

66. Paragraph 66 is a legal conclusion to which no response is required.

67. Defendants admit that USCIS issued Plaintiff a Notice of Intent to Terminate his DACA status on August 8, 2025, and that USCIS issued a renewed DACA approval on September 26,

7

2025. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 67 and they are therefore denied.

68. Paragraph 66 contains legal conclusions to which no response is required. Defendants deny that Plaintiff was not notified of its intent to terminate Plaintiff's DACA status. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 68 and they are therefore denied.

69. Paragraph 69 contains legal conclusions to which no response is required.

70. Paragraph 70 contains legal conclusions to which no response is required. Defendants admit only that Plaintiff has DACA benefits valid until March 21, 2027.

71. Deny.

72. Paragraph 72 appears to be both a factual and legal assertion. To the extent it is a legal conclusion, no response is required and to the extent that it is a factual assertion, Defendants lack sufficient information to admit or deny the assertion and it is therefore denied.

73. Paragraph 73 appears to be both a factual and legal assertion. To the extent it is a legal conclusion, no response is required and to the extent that it is a factual assertion, Defendants lack sufficient information to admit or deny the assertion and it is therefore denied.

**COUNT IV**

**Mandamus Action to Compel Officers to Perform their Duty**

74. Paragraph 74 is a legal conclusion to which no response is required.

75. Paragraph 75 is a legal conclusion to which no response is required.

76. Paragraph 76 is a claim for relief to which no response is required.

77. Deny.

**PRAYER FOR RELIEF**

The final paragraph and its subparts 1-9 of the Complaint contains Plaintiff's prayer for relief, to which no response is necessary. Defendant denies each allegation of the Complaint that is not specifically admitted above. Defendant further denies that Plaintiff is entitled to any relief.

Defendant will rely upon any other defenses that become known or available during these proceedings, including at trial. In addition, Defendant asserts the following affirmative defenses and reserves their right to plead additional affirmative defenses according to proof:

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to exhaust his administrative remedies by utilizing all available agency appeals and procedures before bringing this matter to federal court.

2. To the extent that Agency actions are interpreted as having failed to provide notice or otherwise comply with agency procedures to Plaintiff before undertaking any action the "good cause" exception applies because compliance with those procedures was impractical, unnecessary, or contrary to the public interest.

3. To the extent Plaintiff may be seeking monetary damages, such monetary damages are not permissible in a review of agency action under the Administrative Procedure Act. 5 U.S.C. § 702.

4. The Agency's actions, at all times, were not:

   a.  arbitrary, capricious, or an abuse of discretion in violation;

   b. contrary to constitutional right, power, privilege, or immunity;

   c. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

   d. without observance of procedure required by law;

   e. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. *See* 5 U.S.C. § 706(2).

5. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to Plaintiff's Complaint become known throughout the course of the litigation.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

/s/ Lance Duke
Lance Duke
Assistant United States Attorney
Southern District of Texas No. 21949
Texas State Bar No. 00798157
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, TX  78401
Telephone: 361/903-7911
Facsimile: 361/888-3200
lance.duke@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, *VIA ELECTRONIC FILING*, to all counsel of record on March 25, 2025.

/s/  Lance Duke
Lance Duke